# BELL, SHIVAS & FASOLO, P.C.

ATTORNEYS AT LAW

Joseph J. Bell *+
joebell@bsflawgroup.com

David T. Shivas *
dshivas@bsflawgroup.com

Valerie Fasolo °
vfasolo@bsflawgroup.com

Joseph J. Bell IV*
jbell@bsflawgroup.com

Paula Ortega *△
portega@bsflawgroup.com

Michael J. Edwards*
medwards@bsflawgroup.com

James K. Pryor, Of Counsel

Admitted New Jersey Bar
*Admitted New York Bar
°Admitted Arizona Bar
♦Admitted Pennsylvania Bar
△Admitted Virginia Bar
+ L.L.M. in Labor Law

April 22, 2015

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *Peter Wengryn, et al. v. American Business Consultant Group Holding, LLC, et al.*
            **Docket No.: 13-CV-4556 (KBF)**

Dear Judge Forrest:

      This firm represents Plaintiffs Peter Wengryn, Laila Sayad and Gerry Louw (collectively, "Plaintiffs") in the above-referenced matter. Plaintiffs respectfully submit this letter in opposition to the letters filed today by Defendants requesting: (1) an extension of time in which to file a response to Plaintiffs' Motion for Partial Summary Judgment – *two days after the expiration of the deadline for the filing of Defendants' response*; and (2) reconsideration of the Court's Order, deeming Plaintiffs' Motion for Partial Summary Judgment unopposed. Plaintiffs respectfully request that Defendants' requests be denied.

      Plaintiffs respectfully submit that the rules governing extension requests are clear. Extension requests filed "after the time has expired" – as is the case here – may only be granted upon a showing of "excusable neglect." *Fed. R. Civ. P.* 6(b)(1)(B). Here, Defendants have clearly failed to meet the "excusable neglect" standard for such a request. Indeed, the only reason that Defendants have offered for their failure to meet the Court's deadlines is their counsel's "busy schedule." It is well-settled that such claims do not justify an after-the fact extension, nor do they excuse Defendants' failure to comply with the Court's deadlines for filing their response in this case. *See, e.g., Key v. Robertson*, 626 F. Supp. 2d 566, 577 (E.D. Va. 2009) (holding that "ignorance of when a time period expires does not qualify as excusable neglect, *nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity*.") (emphasis added) (internal quotations omitted).

      Because Defendants had ample opportunity to file a timely response in compliance with the Court's order – *or, at the very least, file a timely request for an*

*extension* – yet failed to do so, the Court should deny Defendants' untimely request.[1]

Denial of Defendants' request is especially appropriate in this case given the repeated instances of dilatory conduct by Defendants in this litigation. Indeed, *for almost one year*, Defendants inexcusably failed to meaningfully participate in discovery. As a result, on October 30, 2014, Plaintiffs were forced to request a Rule 37.2 Conference with the Honorable Vincent L. Briccetti, and request the Court's assistance in ordering Defendants to produce discovery. (*See* Exhibit B.) On November 24, 2014, Judge Briccetti ordered that Defendants produce the outstanding discovery by December 20, 2014. (*See* Exhibit C.) Defendants blatantly disregarded Judge Briccetti's Order and had *still* failed to produce some of the discovery they were ordered to produce when discovery closed. (*See* Exhibit D.)

In sum, Plaintiffs respectfully submit that Defendants cannot be permitted to escape court-ordered deadlines, *once again*, by simply failing to seek an extension and filing their response after the Court-ordered deadline – especially given their history of disregard for deadlines and court orders, and overall pattern of willful delay and avoidance. Allowing Defendants to disregard yet another deadline – and extend this case even further – would cause Plaintiffs prejudice. At some point a line must be drawn. Plaintiffs have endured this case for nearly three years and have had significant hurdles in obtaining even the most basic discovery responses, which has caused great expense and other significant hardships to Plaintiffs. Defendants' repeated delays demonstrate their lack of regard for this Court's deadlines and should not be countenanced. Accordingly, Plaintiffs respectfully request that Defendants' requests be denied.

We thank Your Honor for the Court's consideration in this matter.

Respectfully submitted,

**BELL, SHIVAS & FASOLO, P.C.**

By: /s/ Valerie Fasolo
Valerie Fasolo, Esq.
*Attorneys for Plaintiffs*

cc: Eric Creizman, Esq.

---

[1] It should be noted, too, that Defendants did not even timely seek the consent of undersigned counsel for an extension. Indeed, at *10:08 p.m.* on April 20, 2015 – *i.e., the date that Defendants' Response was due* – Defendants' counsel sent an e-mail to undersigned counsel stating only that he was "*stuck trying to complete this brief*" because his associate "got sick last week." (*See* E-mail from Eric Creizman, dated April 20, 2015 at *10:08 p.m.*, attached hereto as Exhibit A.). Plaintiffs respectfully submit that the fact that Defendants' counsel was "stuck trying to complete" Defendants' response does not constitute "compelling circumstances," as required by Rule 1(G) of the Court's Individual Rules of Practice (requiring that requests for extensions of time "be received in Chambers at least two (2) business days prior to the scheduled deadline," and stating that "[a]bsent compelling circumstances, requests for extensions will be denied if not made before the expiration of the original deadline.) Defendants' blatant disregard of the Court's Rules should not be countenanced.