UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER WENGRYN, LAILA SAYAD AND GERRY LOUW, <br><br> Plaintiffs, <br><br> – against - <br><br> AMERICAN BUSINESS CONSULTANT GROUP HOLDING, LLC; J. MICHAEL KAFES; DENNIS LEE; PROVISION CORPORATION, LLC; ABC CORPS. 1-10; JOHN DOES 1-10, jointly and severally, <br><br> Defendants. | CIVIL ACTION NO.: 13-CV-4556 (KBF) |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

*Respectfully Submitted,*

Valerie Fasolo, Esq.
David T. Shivas, Esq.
**BELL, SHIVAS & FASOLO, P.C.**
150 Mineral Springs Drive, P.O. Box 220
Rockaway, New Jersey 07866
Tel.: 973-442-7900
Fax: 973-442-7990

*Attorneys for Plaintiffs*
Peter Wengryn, Laila Sayad and
Gerry Louw

# *TABLE OF CONTENTS*

TABLE OF AUTHORITIES ...................................................................................... iii

LEGAL ARGUMENT ............................................................................................... 1

POINT I – THE UNAMBIGUOUS TERMS OF THE EMPLOYMENT AGREEMENTS AND KAFES' SWORN DEPOSITION TESTIMONY ESTABLISH THAT PLAINTIFFS ARE ENTITLED TO JUDGMENT, AS A MATTER OF LAW, ON PLAINTIFFS' BREACH OF WRITTEN EMPLOYMENT CONTRACT CLAIM ................................................................................. 1

    A. The Record Evidence Establishes, Unequivocally, That Plaintiffs Performed Under Their Respective Agreements. ........................................................................................ 2

        1. By The Very Terms Of The Agreements, Defendants Were Required To Provide Written Notice And An Opportunity To Cure Upon An Alleged "Failure To Perform" By Plaintiffs ............................. 2

        2. Defendants' Newly-Created Argument Is Also Precluded, As A Matter Of Law, By The Integration Clause In The Agreements ........................................................ 5

    B. Defendants' Argument That The Employment Agreements Are Procedurally And Substantively Unconscionable Fails, As A Matter Of Law .................................. 7

        1. The Agreements Are Not Procedurally Unconscionable, As A Matter Of Law ...................................... 7

        2. The Agreements Are Not Substantively Unconscionable, As A Matter Of Law ...................................... 9

POINT II – PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON EACH OF DEFENDANTS' COUNTERCLAIMS ............................................................................... 10

    A. Defendants' Counterclaims For Breach Of Contract And Implied Indemnity Fail, As A Matter Of Law. ..................... 10

B. Defendants Have Conceded That Their Counterclaim
For Contribution Must Be Dismissed. .......................................................... 10

CONCLUSION.......................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Alexander v. CareSource,*
 576 F.3d 551 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Bickerstaff v. Vassar College,*
 196 F.3d 435 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Deal v. Consumer Programs, Inc.,*
 470 F.3d 1225 (8th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Desiderio v. National Ass'n of Securities Dealers, Inc.,*
 191 F.3d 198 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Doctor's Assocs., Inc. v. Jabush,*
 89 F.3d 109 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Doyle v. Turner,*
 1994 WL 48854 (S.D.N.Y. Feb. 16, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dujardin v. Liberty Media Corp.,*
 359 F. Supp. 2d 337 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 6

*Ganisin v. Noeth,*
 558 N.Y.S.2d 361 (4th Dept. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*General Conference of Seventh-Day Adventists v. AON Reinsurance Agency, Inc.,*
 860 F. Supp. 983 (S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gill v. World Inspection Network Int'l, Inc.,*
 2006 WL 2166821 (E.D.N.Y. July 31, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gillman v. Chase Manhattan Bank, N.A.,*
 73 N.Y.2d 1 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9

*Hanson v. Capital District Sports, Inc.,*
 630 N.Y.S.2d 429 (3rd Dept. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Hodak v. Madison Capital Mgmt., LLC,*
 2011 WL 1324522 (E.D. Ky. Apr. 4, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Klos v. Lotnicze,*
 133 F.3d 164 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mike Building & Contracting, Inc. v. Just Homes, LLC,*
    901 N.Y.S.2d 458 (Sup. Ct. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Naval v. HIP Network Servs., IPA, Inc.,*
    620 F. Supp. 2d 566 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nelson v. McGoldrick,*
    896 P.2d 1258 (Wash. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ragone v. Atlantic Video at Manhattan Ctr.,*
    595 F.3d 115 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rebh v. Lake George Ventures, Inc.,*
    636 N.Y.S.2d 504 (3rd Dept. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*United States v. Bedford Assocs.,*
    657 F.2d 1300 (2d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Weiss v. La Suisse,*
    161 F. Supp. 2d 305 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Plaintiffs Peter Wengryn ("Mr. Wengryn"), Laila Sayad ("Ms. Sayad") and Gerry Louw ("Mr. Louw") (collectively, "Plaintiffs") respectfully submit this Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment. For the reasons set forth in Plaintiffs' Motion for Partial Summary Judgment, and below, Plaintiffs are entitled to summary judgment on Count Six, Breach of Written Employment Contract, of Plaintiffs' Second Amended Complaint against Defendants American Business Consultant Group Holding, LLC ("ABC Group"), Michael Kafes ("Kafes"), Dennis Lee ("Lee"), and Provision Corporation, LLC ("Provision") (collectively, "Defendants").[1] In addition, Plaintiffs are entitled to summary judgment on each of Defendants' Counterclaims. Defendants have failed to produce any facts, supported by the record, showing that there remains a genuine factual issue for trial.

### PLAINTIFFS' REPLY MEMORANDUM OF LAW

**I.  THE UNAMBIGUOUS TERMS OF THE EMPLOYMENT AGREEMENTS AND KAFES' SWORN DEPOSITION TESTIMONY ESTABLISH THAT PLAINTIFFS ARE ENTITLED TO JUDGMENT, AS A MATTER OF LAW, ON PLAINTIFFS' BREACH OF WRITTEN EMPLOYMENT CONTRACT CLAIM.**

Defendants have taken great license with the "facts" of this case in a desperate attempt to find "facts" to meet the burden they must overcome to defeat Plaintiffs' Motion. Defendants have greatly mischaracterized the record, not only by citing to deposition testimony and other "supporting" documentation that do not always state what Defendants represent that they state, but also by attempting to change "facts" in their so-called "factual background" that blatantly contradicts Defendant Kafes' sworn deposition testimony, the documented evidence, and the unambiguous terms of the written employment agreements. Freed from the limitations normally imposed by strict citation to, and reliance solely upon, evidence in the record, Defendants are able to pass off allegations as fact, and conclusions as reality. Defendants' version of the facts is

---

[1] Defendants have stipulated and agreed that Defendant Provision is the successor corporation of Defendant ABC Group and is liable to Plaintiffs for any judgment of liability against Defendant ABC Group, Defendant Kafes and/or Defendant Lee in this matter. (*See* Exhibit A attached to the Certification of Valerie Fasolo ("Fasolo Cert.")).

creative, indeed almost passionate, but is absolutely unsupported by the record.

When the unsupported embellishments, exaggerations, and extraneous arguments are removed, the <u>facts</u> in the record demonstrate that Plaintiffs are entitled to summary judgment.

**A. *The Record Evidence Establishes, Unequivocally, That Plaintiffs Performed Under Their Respective Agreements.***

**1. *By The Very Terms Of The Agreements, Defendants Were Required To Provide Written Notice And An Opportunity To Cure Upon An Alleged "Failure To Perform" By Plaintiffs.***

In order to get around the fact that their actions constituted a blatant breach of the explicit terms of the Employment Agreements, Defendants rely on a "newly-created" farcical reason for Plaintiffs' terminations; namely, that Plaintiffs allegedly "failed to perform" under the Agreements. Defendants' "newly-created" reason for Plaintiffs' terminations, which is *wholly unsupported by any evidence*, does not create a genuine issue of material fact. Indeed, the *record* evidence in this case contradicts any notion that Plaintiffs "failed to perform" under the Agreements. (*See* Plaintiffs' 56.1, ¶¶ 35, 36, 55, 60, 61, 68, 76, 78; Fasolo Cert., at Exhibit B.) Because Defendants' belated assertion does not have any support in the *record*, it is insufficient to create a genuine issue of material fact. *See Bickerstaff v. Vassar College,* 196 F.3d 435, 452 (2d Cir. 1999), *cert. denied,* 530 U.S. 1242 (2000) (statements that are *devoid of specifics*, but replete with conclusions, are insufficient to avoid summary judgment); *Alexander v. CareSource,* 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts *are insufficient* to establish a factual dispute that will defeat summary judgment."); *see also Weiss v. La Suisse,* 161 F. Supp. 2d 305, 316 (S.D.N.Y. 2001) (party's declaration ***contradicting his deposition*** created no genuine issue of fact and summary judgment was appropriate).

Moreover, Defendants' "newly-created" argument that Plaintiffs "did not perform" fails, as a matter of law, because it ignores the unambiguous and mandatory provision in the Agreements which *requires* that Defendants must provide Plaintiffs with a "written warning" and a "30-day

opportunity to cure" in order to establish alleged "failure to perform" under the Agreements. (*See* Kafes Tr., Exhibits 8, 14 and 15, at ¶ 6(e).) In fact, Defendants' failure to comply with this unambiguous requirement not only precludes Defendants' "after-the-fact" argument that Plaintiffs "failed to perform," but, *as a matter of law*: (1) establishes Plaintiffs' *prima facie* breach of contract claim against Defendants; and (2) precludes Defendants' purported breach of contract counterclaim against Plaintiffs. *See, e.g., Hanson v. Capital District Sports, Inc.*, 630 N.Y.S.2d 429, 431 (3rd Dept. 1995) (holding, *as a matter of law*, that evidence that employer discharged employee without providing employee written notice of details and events constituting cause for discharge, or any other opportunity to cure, as required by employment contract, *established prima facie case of breach of contract*); *see also Rebh v. Lake George Ventures, Inc.*, 636 N.Y.S.2d 504, 505 (3rd Dept. 1996) (holding, *as a matter of law*, that employer materially breached unambiguous employment contract clause when it failed to give employees opportunity to cure before terminating them for alleged substandard performance).

In the present case, the Employment Agreements clearly mandate that if Plaintiffs fail to perform any material duty under the Agreements, Defendants *must* provide Plaintiffs with a "written warning" and then permit a "30-day opportunity to cure." (*See* Kafes Tr., Exhibits 8, 14 and 15, at ¶ 6(e).) It is *undisputed* that Defendants *never* provided a "written warning" to Plaintiffs regarding any purported failure to perform any of the material duties under their Agreements and *never* provided Plaintiffs a "30-day opportunity to cure" any purported deficiency. Indeed, in his deposition, Defendant Kafes admitted that he does not recall ever telling Mr. Wengryn, *either in person or in writing*, that he felt Mr. Wengryn's performance was lacking *in any way*. (Plaintiffs' 56.1, ¶ 68.) Similarly, with regard to Ms. Sayad and Mr. Louw, Kafes *admitted* that there were no alleged performance deficiencies to cure, and admitted that Plaintiffs are *entitled* to the severance amounts promised in their respective contracts. As Kafes testified:

| Q: | That's when they were fired. Right? |
|---|---|
| A: | Well, Peter was fired. **Laila and Gerry were laid off**. |
| Q: | Why didn't – let me just ask you. If they were laid off and they weren't fired for cause, Laila and Gerry. Right? |
| A: | Right. |
| Q: | Do you admit that ABC Group owes them the remainder of the one-year salary? |
| A: | **I would say Gerry is owed**. |
| Q: | Okay. But why not Laila? |
| A: | That's more difficult to answer. |
| Q: | Well, was she fired for cause or was she not fired for cause? |
| A: | **She wasn't fired for cause**. |
| Q: | Do you know what the contract says about whether someone is fired for cause or not? |
| A: | **Yeah. I would say contractually, she is entitled.** |
| Q: | Okay. She is entitled per her employment contract? |
| A: | **Yes**. |
| Q: | And Gerry is, as well? |
| A: | **Yes**. (Plaintiffs' 56.1, ¶ 55.) |

New York law has repeatedly upheld the rights of parties to define the scope of their obligations to one another. Indeed, the doctrine of freedom to contract prevails and, in the absence of ambiguity, *a written instrument will be enforced strictly according to its terms. See, e.g., U.S. v. Bedford Assocs.*, 657 F.2d 1300, 1313 (2d Cir. 1981) (holding that "*absent some violation of law or transgression of a strong public policy, the parties to a contract are basically free to make whatever agreement they wish, no matter how unwise it might appear to a third party*"). There is no ambiguity in the Employment Agreements regarding the fact that Defendants were *required* to deliver a "written warning," and provide a "30-day opportunity to cure," if Plaintiffs allegedly "failed to perform" a material duty under the Agreements. Despite Defendants' attempts to distort the *record* evidence in this case, it is *undisputed* that Plaintiffs were never given *any* "written

warning" by Defendants or a "30-day opportunity to cure." ***To the contrary, the <u>record</u> evidence shows that Plaintiffs had been repeatedly and widely praised by Defendants throughout their ABC Group tenure.*** (*See* Fasolo Cert., Exhibit B.) Because no "written warning" was *ever* made by Defendants, Defendants' argument fails, as a matter of law, and Plaintiffs are entitled to summary judgment for this additional reason. *See, e.g., Hanson v. Capital District Sports, Inc.*, 630 N.Y.S.2d 429, 431 (3rd Dept. 1995); *see also Rebh v. Lake George Ventures, Inc.*, 636 N.Y.S.2d 504 (3rd Dept. 1996). *Cf. Mike Bldg. & Contracting, Inc. v. Just Homes, LLC*, 901 N.Y.S.2d 458, 470 (Sup. Ct. 2010) (granting plaintiff's motion to dismiss defendants' counterclaim for breach of contract and holding that the failure to comply with notice and cure provisions in a contract bars recovery on a counterclaim based upon allegations of non-performance).

### 2. Defendants' Newly-Created Argument Is Also Precluded, As A Matter Of Law, By The Integration Clause In The Agreements.

Defendants' newly-created argument that Plaintiffs "did not perform" also fails, as a matter of law, for the additional reason that the alleged violations of which Defendants now complain *were not even obligations and/or terms under the Agreements.*[2] Defendants have admitted that the ***important*** terms of Plaintiffs' employment were set forth in their Employment Agreements. (Plaintiffs' 56.1, ¶ 71.) Nevertheless, ***nowhere*** do the Agreements state that Plaintiffs were required to "reach out" to "former business clients." Similarly, ***nowhere*** do the Agreements state that Plaintiffs were prohibited from requesting an increase in operating costs from the Board.[3]

---

[2] In their Response, Defendants allege that Plaintiffs purportedly violated the Agreements because the parties allegedly "orally agreed" that Plaintiffs: (1) would "reach out" to "former business clients;" (2) would not request an increase in operating costs from the Board; and (3) would complete a business model "based on the directives of the ABC Group Board." Plaintiffs *adamantly* deny that any such "oral agreements" were ever made. Moreover, Defendants' allegation regarding the purported "oral agreements" is immaterial to Plaintiffs' Motion for Partial Summary Judgment. Indeed, as discussed below, the integration clause of the Agreements *precludes* Defendants' argument, *as a matter of law. See, e.g., Dujardin v. Liberty Media Corp.*, 359 F. Supp. 2d 337, 356 (S.D.N.Y. 2005).

[3] It should be noted, too, that, not only were Plaintiffs not prohibited from requesting an increase in operating costs, but Plaintiffs *never made any such request*. To the contrary, the *documented* evidence makes clear that it was ***Defendants*** who, on September 13, 2012, offered to increase the operating budget from $30,000 per month to $40,000 per month. (Plaintiffs' Rule 56.1, ¶ 16.) The *documented* evidence, as well as the admissions of Kafes, also make clear that the

It is also undisputed that the Employment Agreements *do* include an integration clause, which provides as follows:

> 12.    Complete Agreement. This Agreement embodies the complete agreement and understanding among the parties hereto and supersedes and preempts any prior understandings, agreements or representations by or among the parties, written or oral, which may have related to the subject matter of this Agreement in any way.

(Kafes Tr., Exhibits 8, 14 and 15, at ¶ 12.) As this court explained in *Dujardin v. Liberty Media Corp.*, 359 F. Supp. 2d 337 (S.D.N.Y. 2005), "[i]t is generally understood that the purpose of an integration clause 'is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing.'" *Id.* at 356. Here, as in *Dujardin*, the integration clause prohibits the Court from considering any alleged "oral agreement" that was allegedly made prior to the written agreement, since parol evidence to vary, contradict, or supplement the terms of a fully integrated agreement is not admissible. *See id.*; *see also Ganisin v. Noeth*, 558 N.Y.S.2d 361, 362 (1990) (holding that integration clause contained in employment contract precluded attempts to incorporate alleged prior oral agreement into contract).

Moreover, in his deposition, Kafes *admitted* that the purported violations of which Defendants now complain – even if they did occur (which they did not) – *were not violations of the Agreements*. Indeed, with regard to the alleged failure to "reach out" to "former business contacts," for example, Kafes testified that ***this would not constitute a violation of the Agreements***. (Plaintiffs' Rule 56.1, ¶ 74.) With regard to Plaintiffs' Business Plan/Model, Kafes admitted that Plaintiffs' Business Plan was not a breach of the Agreements either. (*Id.*, at ¶ 75.) In fact, Kafes *admitted* that he told Plaintiffs only "positive things" about their Plan. (*Id.*, at ¶ 76.) [4] Defendants

---

*only* "breach" that occurred with regard to "operating costs" *was committed by Defendants*. Specifically, when Mr. Wengryn was hired, Defendants promised to provide him with an operating budget of $40,000 per month. (*Id.*, at ¶ 72.) Despite this *written* promise, Defendants have admitted that they never fulfilled this promise and never made available to Mr. Wengryn the funds, or budget, they had promised to enable him to do his job. (*Id.*, at ¶ 73.)

[4] Kafes also admitted that, at the time that Plaintiffs presented their Business Plan/Model to the Board, Defendants had not paid Mr. Wengryn *any* portion of his salary, and had not fully paid either Mr. Louw and/or Ms. Sayad. (Plaintiffs' Rule 56.1, ¶ 77.)

also *admitted* that, after Plaintiffs presented their Business Plan, a conference call was held with the consultants of ABC Group, during which Plaintiffs' Plan was, again, repeatedly praised. (*See* Defendants' Rule 56.1 Response to Plaintiffs' Statement of Undisputed Facts, at ¶ 36.)[5]  In fact, as set forth above, Kafes admitted that there is simply no basis for Defendants not to pay Ms. Sayad and Mr. Louw the severance benefits owed under the Agreements. (Plaintiffs' Rule 56.1, ¶¶ 55, 78.)

Accordingly, Plaintiffs respectfully request that the Court enter summary judgment in favor of Plaintiffs on Count Six, Breach of Written Employment Contract.

### B. Defendants' Argument That The Employment Agreements Were Procedurally And Substantively Unconscionable Fails, As A Matter Of Law.

Under New York law, a contract is unconscionable when it is "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable [sic] according to its literal terms." *Ragone v. Atlantic Video*, 595 F.3d 115, 121 (2d Cir. 2010) (quoting *Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 10 (1988)). Generally, there must be a showing that such a contract is *both* procedurally and substantively unconscionable. *See id.* "The procedural element of unconscionability concerns the contract formation process and the alleged lack of meaningful choice; the substantive element looks to the content of the contract[, per se]." *Id.*; *see also Desiderio v. National Ass'n of Sec. Dealers*, 191 F.3d 198, 207 (2d Cir. 1999).

### 1. The Agreements Are Not Procedurally Unconscionable, As A Matter Of Law.

Defendants' contention that the Employment Agreements were signed under procedurally unconscionable conditions fails, *as a matter of law*.  There is no question that Defendant ABC Group – *a commercial entity that does business throughout the entire country* – did *not* "lack a

---

[5] Plaintiffs have attached a transcript of the November 8, 2012, conference call to the Certification of Valerie Fasolo. During the conference call, Plaintiffs, as well as their Business Plan, were *repeatedly* praised.  Among other things, Defendants described Plaintiffs, as well as their Business Plan, as "incredible," "amazing," and "extremely impressive." Defendants acknowledged that they had "learned so much" from Plaintiffs, their "very creative ideas" and their "thorough," "exhaustive," "intensive" and "extremely well-presented analysis of the business and industry."  Mr. Wengryn was described as an "amazing human being" among other very complimentary things. (*See* Plaintiffs' Reply Statement of Facts ("RSOF"), at ¶¶ 2-7.)

meaningful choice" when it *voluntarily* chose to hire Plaintiffs – rather than the hundreds of other applicants that applied for the positions.[6]

Moreover, contrary to Defendants' representation that Mr. Wengryn "drafted the Agreements," the *documented* evidence makes clear that the Agreements were prepared by the mutual efforts and negotiation of both parties. Indeed, although Mr. Wengryn provided an initial template to Defendants (after extensive negotiation between the parties), Defendants revised and finalized the Agreements *to reflect the terms and provisions that Defendants wanted*. Indeed, in an e-mail from Alison David, Board Director, to Mr. Wengryn, dated September 13, 2013, Ms. David advised that Defendants were "finishing up" the Agreements and would provide them to Plaintiffs later that day. (RSOF, ¶ 12.)[7] Later that day, Defendant Kafes presented Plaintiffs with the finalized Agreements, prepared by Defendants. As Kafes stated in his e-mail to Mr. Wengryn:

> *I am enclosing employment contracts for you, Gerry and Laila.* Laila's is a one-year contract. We also included the equity vesting provisions in the contracts. There are four attachments. *One of them is a marked up copy of your employment contract to show what we changed from your initial template, and the other three are clean copies of the employment agreements.*

(RSOF, ¶ 14.)

Clearly, Defendants were not deprived of "meaningful choice." They made a calculated decision to hire Plaintiffs. While Defendants may have felt a strong desire to hire Mr. Wengryn,

---

[6] It should be noted, too, that when Defendant Kafes signed the Agreements, on behalf of ABC Group, he was an educated businessman and financial professional, with *more than 25 years of industry experience.* (RSOF, ¶ 9) In addition, as he testified, he *has owned **multiple** companies and "serves on the governing boards of multiple privately held companies"* (RSOF, ¶ 9) – a far cry from the prototypical "uneducated" and "needy" individual for whom the unconscionability doctrine was fashioned. *Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir.1997); *cf. Doctor's Assocs., Inc. v. Jabush*, 89 F.3d 109, 113 (2d Cir.1996) (holding that plaintiffs, "[a]s purchasers of a Subway sandwich franchise, ... were not vulnerable consumers or helpless workers. They [were] business people who bought a franchise" (citations omitted)); *see also Naval v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009). Like Defendant Kafes, Defendant Lee, has *more than 30 years of business experience* and *has owned multiple companies*, some of which have been featured on news programs, including "Dateline NBC." (RSOF, ¶¶ 10-11.)

[7] As Ms. David stated in her e-mail to Mr. Wengryn:

> Hi Peter:
>
> Just a note to let you know that *we are finishing up the employment agreements for you, Laila, and Gerry and should have it to you before 5 pm today.*

(RSOF, ¶ 13.)

they were certainly not compelled to do so. The *documented* evidence makes clear that Defendants *knowingly* offered employment to Plaintiffs on the *express terms and conditions that they chose to include in the Agreements offered to Plaintiffs*.

Accordingly, the Agreements were not procedurally unconscionable, as a matter of law.

### 2. The Agreements Are Not Substantively Unconscionable, As A Matter Of Law.

Substantive unconscionability involves contract terms which are unreasonably one-sided or overly harsh on one party, that "**shock the conscience**." *See Nelson v. McGoldrick*, 896 P.2d 1258 (Wash.1995); *see also Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10 (N.Y. 1988); *Gill v. World Inspection Network Int'l, Inc.*, 2006 WL 2166821, at *5 (E.D.N.Y. July 31, 2006).

In the present case, the *only* contract term that Defendants point to as allegedly "unconscionable" is the *standard* severance provision contained in the Agreements, which provides a severance payment to Plaintiffs in the event of termination prior to the expiration of the contract term. Defendants have not advanced any case law (*as there is no case law*) to support their argument that this *standard* contract term is substantively unconscionable. To the contrary, severance provisions are *standard* contract terms, contained in virtually all employment agreements, and have been uniformly enforced by the courts. *See, e.g., Deal v. Consumer Programs, Inc.*, 470 F.3d 1225, 1230 (8th Cir. 2006) (upholding severance clause of contract and affirming summary judgment in favor of employee; employer breached agreement, *as a matter of law*, by terminating employee prior to expiration of contract term, thus entitling employee to full amount of unaccrued annual base salary and annual bonus payment, plus interest); *Hodak v. Madison Capital Mgmt., LLC*, 2011 WL 1324522, at *10 (E.D. Ky. Apr. 4, 2011) (upholding severance clause of contact and holding, *as a matter of law*, that employer breached agreement by terminating employee prior to expiration of contract term, thus entitling employee to unaccrued annual base salary, annual bonus payment, and to "medical, dental and vision benefits" owed under the agreement).

In sum, there is not even a scintilla of credible evidence to suggest that Defendants' decision to offer employment to Plaintiffs, with the promise that they would receive the agreed-upon severance in the event of termination prior to the expiration of the contract term, was substantively unconscionable. Under New York law, Defendants must hurdle a high bar to establish the unconscionability of an employment agreement, and Defendants have clearly not made such a showing here. *See Doyle v. Turner*, 1994 WL 48854, at *4 (S.D.N.Y. Feb. 16, 1994) ("within the context of employment contracts, the standard of unconscionability that must be shown is *extremely high*"). Accordingly, Plaintiffs are entitled to judgment, as a matter of law, on Count Six, Plaintiffs' Breach of Written Employment Contract.

## II.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON EACH OF DEFENDANTS' COUNTERCLAIMS

### A.  *Defendants' Counterclaims For Breach Of Contract And Implied Indemnity Fail, As A Matter Of Law*

For the reasons set forth in Plaintiffs' Motion for Partial Summary Judgment, and above, Plaintiffs are entitled to summary judgment on Defendants' counterclaims for breach of contract and implied indemnity.

### B.  *Defendants Have Conceded Their Counterclaim For Contribution Must Be Dismissed*

Defendants have not opposed Plaintiffs' Motion for Partial Summary Judgment on Defendants' Counterclaim for Contribution and, therefore, have conceded that this counterclaim should be dismissed. *See, e.g., General Conference of Seventh-Day Adventists v. AON Reinsurance Agency, Inc.*, 860 F. Supp. 983, 989 (S.D.N.Y. 1994).

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Partial Summary Judgment on Count Six of Plaintiffs' Second Amended Complaint and on Each of Defendants' Counterclaims.

*Respectfully submitted,*

**BELL, SHIVAS & FASOLO, P.C.**

By: /s/ Valerie Fasolo

Valerie Fasolo, Esq.
(vfasolo@bsflawgroup.com)
David T. Shivas, Esq.
(dshivas@bsflawgroup.com)
150 Mineral Springs Drive
P.O. Box 220
Rockaway, New Jersey 07866
Tel.: 973-442-7900
Fax: 973-442-7990

*Attorneys for Plaintiffs*
Peter Wengryn, Laila Sayad
and Gerry Louw

Dated: May 11, 2015

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment to be served on Defendants on this date by having same delivered via e-mail to Defendants' counsel at the following address:

> Eric M. Creizman, Esq.
> Creizman LLC
> 565 Fifth Avenue, 7[th] Floor
> New York, New York 10017
> *Attorneys for Defendants*

In addition, I electronically filed the foregoing using the Court's CM/ECF system, which will also send a notice of electronic filing to Mr. Creizman.

Dated: May 11, 2015

**BELL, SHIVAS & FASOLO, P.C.**

By: /s/ Valerie Fasolo

> Valerie Fasolo, Esq.
> (vfasolo@bsflawgroup.com)
> 150 Mineral Springs Drive
> P.O. Box 220
> Rockaway, New Jersey 07866
> Tel.: 973-442-7900
> Fax: 973-442-7990
>
> *Attorneys for Plaintiffs*
> Peter Wengryn, Laila Sayad
> and Gerry Louw