# CREIZMAN LLC

565 Fifth Avenue
7th Floor
New York, New York 10017
tel: (212) 972-0200
fax: (646) 200-5022
ecreiz@creizmanllc.com
www.creizmanllc.com

*By ECF and Email*

June 1, 2015

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Wengryn, et al. v. American Business Consultant Group Holding, LLC, et al.*
  **Docket No. 13-CV-4556 (KBF)**

Dear Judge Forrest:

I represent the Defendants in the above-referenced action, and respectfully submit these objections to Plaintiffs' proposed form of order entering judgment, which Plaintiffs filed by ECF on May 29, 2015.

*First*, we object to the entry of any judgment against Defendant Dennis Lee because he was not a party to the employment contracts that are the subject of Plaintiffs' breach of contract claim. Defendant ABC Group is the only defendant that was a party on the contracts. Furthermore, pursuant to a stipulation entered by the parties and endorsed by the Court on October 9, 2014, Defendant Provision agreed to assume liability for any judgment of liability against Defendant ABC Group as a successor or alter-ego of ABC Group. (Dkt # 61). The Form of Order therefore should reflect that the breach of contract claim is granted against Defendant ABC Group, as a party to the underlying contracts, and against Defendant Provision, as a non-party to the underlying contracts, on the basis of successor or alter ego liability. As set forth in the October 9, 2014 stipulation, for the purposes of establishing liability in this litigation, Provision does not dispute that it is the successor or alter ego of ABC Group. (Dkt # 61).

*Second*, Defendants challenge the amounts each of the Plaintiffs claim in health care benefits. Plaintiffs have not provided any documentary support for the amounts claimed. Nor have Plaintiffs described the methodology they used to arrive at their calculations, which prevents Defendants from evaluating whether the amounts Plaintiffs claim in pre-judgment interest is

appropriate.

*Third*, Plaintiffs' requested post-judgment interest rate of 9% per annum is contrary to law. Under 28 U.S.C. § 1961, post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. For the week ending May 29, 2015, the average 1-year constant maturity Treasury yield was 0.26%. *See* http://www.federalreserve.gov/releases/h15/current/. Accordingly, Plaintiffs are not entitled to greater than 0.26% in post-judgment interest.

Respectfully submitted,

/s/ Eric M. Creizman

Eric Creizman

cc:    Valerie Fasolo, Esq. (by ECF and email)
       David T. Shivas, Esq. (by ECF and email)